UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Timothy Eric Scott

CASE NO.: 3:12-bk-07214
Chapter 11

Debtor.
_____/

### Order Confirming Debtor's Chapter 11 Plan of Reorganization

This Case came before the Court on March 10, 2014 on the Debtor's Plan of Reorganization, Dated August 16, 2013 (Doc. #34), the Stipulations filed on the record, and the Motions for Cramdown Under 1129(b), and the Court found all provisions of 11 U.S.C. § 1129(a) and (b) have been satisfied. Upon consideration, it is

**ORDERED:**

1. The Debtor's Plan of Reorganization (the "Plan") as modified by Stipulations is confirmed. A copy of the Confirmed Plan is attached as Exhibit "A" as well as stipulations that change any treatment and copies of the Cramdown Orders which specify treatment if changed.

2. The Debtor shall fund the Plan for the applicable commitment period using all disposable income, including any sums received from future tax refunds and/or the refinancing or sale of investment properties during the applicable commitment period. The current disposable income was calculated at approximately $405.00 per quarter. That amount will be paid to unsecured creditors quarterly for the sixty (60) month term of the Plan on a pro rata basis.

3. The Debtor is ordered to continue quarterly U.S. Trustee fees until such time as the case is converted, closed, dismissed, discharged, or a final decree is entered.

4. After confirmation, pursuant to 11 U.S.C. §1106(a)(7) and Bankruptcy Rule 2014(a)(5), the Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format proscribed by the United States Trustee. These reports shall include any disbursements made from the sale of any real property. The Debtor shall also attach any closing statements to the quarterly reports.

5. This Order supersedes any Adequate Protection Orders entered in this case and same shall be of no further force and effect. This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(i).

6. Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such creditor's interest in the estate's interest in such property. Except as modified by the Plan or this Order, all terms of the loan documents shall remain in full force and effect.

7. Any objection filed by a creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by entry of this Order.

8. The Debtor is not entitled to a discharge in this case until completion of all payments under the Plan for five years.

9. The Debtor may move to administratively close the case without entry of a discharge upon commencement of payments under the Plan. Upon completion of all payments under the Plan or as otherwise available to the Debtor under Section 1141(d)(5)(B) of the Code, the Debtor intends to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

10. The Court retains jurisdiction to enforce the terms of this Order.

DATED this 19 day of March 2014 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a proof of service within 3 days of entry of the order.

# Exhibit A

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

In re   **Timothy Scott**                                                                    Case No.   **3:12-bk-07214**
                                         Debtor(s)                                            Chapter    **11**

Individual Case under Chapter 11

## DEBTOR'S PLAN OF REORGANIZATION, DATED AUGUST 16, 2013

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from future income of the Debtor derived from the Debtor's employment as well as income generated from a rental property.

This Plan provides for 4 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions not less than the projected disposable income of the Debtor to be received during the five year period beginning on the date that the first payment is due under the Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of this Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1. All allowed claims entitled to priority under § 507 of the Code. All claims in Class 1 shall be paid in full at the time of confirmation of the Plan.

2.02   Class 2. First mortgage of U.S. Bank on Debtor's homestead property at 376 W. Tropical Trace, Jacksonville, Florida (Proof of Claim 5).

This Class consists of the secured claim of U.S. Bank on Debtor's homestead property at 376 W. Tropical Trace, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of St. Johns County, Florida. The Debtor will continue to make regular monthly payments (currently $1,995.31 per the Notice of Mortgage Payment Change filed on May 1, 2013) directly to the lender on the original terms of the note and will cure any arrears of $104,577.25 in equal monthly payments over 84 months.

Class 2 is impaired by the Plan. The holder of a Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.03 Class 3. First mortgage of Nationstar Mortgage, LLC on Debtor's rental property at 735 E. Dorchester Drive, Jacksonville, Florida (Proof of Claim 10).

This Class consists of the secured mortgage claim of Nationstar Mortgage, LLC on Debtor's rental property at 735 E. Dorchester Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of St. Johns County, Florida. The Debtors will pay the value of the collateral, $433,369.00.00, in equal monthly payments with 4.25% interest amortized over thirty (30) years. The thirty (30) year amortization will begin on the payment of the first adequate protection payment made in this case or on the effective date of the plan, whichever is earlier. The Debtors may pay this loan off in full at any time with no prepayment penalties. The loan will remain escrowed for insurance and taxes. The Debtors will pay the insurance and taxes in $1/12^{th}$ installments and send the payment along with the regular P&I payment monthly. All default terms from the original note and mortgage will remain in full force and effect unless changed above.

Class 3 is impaired by the Plan. The holder of a Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 claim shall retain any lien encumbering real property of the Debtors in Possession.

2.04 Class 4. Second mortgage of DTA Solutions LLC on Debtor's rental property at 735 E. Dorchester Drive, Jacksonville, Florida (Proof of Claim 11).

This Class consists of the secured claim of DTA Solutions LLC on Debtor's rental property at 735 E. Dorchester Drive, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of St. Johns County, Florida. The value of class 4 claim is $0.00. This Plan avoids the lien Class 4 has on this real property. Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 4 is impaired by the Plan. The holder of a Class 4 claim is entitled to vote to accept or reject the Plan.

2.05 Class 5. Home Owners Association claims owed to Julington Creek Plantation. (No Claim Filed)

This Class consists of the home owners association claims of Julington Creek Plantation. The Debtor will pay the full claim amounts of $4,511.92 in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 5 is impaired by the Plan. The holder of a Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.06   Class 6. All unsecured claims allowed under §502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 6 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which Class 6 claim becomes an allowed claim for full satisfaction of the unsecured claims. Also the Debtor's tax refund while the case is pending will be considered disposable income and would go towards the unsecured creditors. The Debtor anticipates a distribution of $405.00 per quarter to the unsecured creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtors in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04   United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

4.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

4.03   Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE V
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

1. Any lease currently in effect on the date of confirmation with the property located at 735 E. Dorchester Drive, Jacksonville, Florida.

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VI
## GENERAL PROVISIONS

6.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

6.02   Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

6.04   Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

6.05   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

6.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

6.07   Injunction. Except and otherwise provided in the Plan, all Claimants of the Debtors are enjoined from threatening, commencing or continuing any lawsuit or other legal or equitable action against the Debtors or the Debtors' property to recover any Claim or Interest.

## ARTICLE VII
## DISCHARGE

7.01   Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VIII
## OTHER PROVISIONS

8.01   Payments. Payments to the various Classes under this Plan shall be due on the 1st of the month after the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

8.02   De Minumus Distributions. Ratable distributions to holders of Allowed Claims will not be made if such distribution will result in a distribution amount of less than $50.00, unless a request therefore is made in writing to the Debtor.

8.03   Delivery of Distributions. Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims will be made by mail (1) at the address of each such holder as set forth on the proofs of claim filed by such holders, (2) at the address set forth in any written notice of address change delivered to the Debtor after the date of any related proof of claim; or (3) at the address reflected in the Schedule of Assets and Liabilities filed by the Debtor if no proof of claim is filed and the Debtor has not received a written notice or address change. If any Claimholder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Debtor is notified in writing of such Claimholder's then current address.

8.04   Exclusive Bankruptcy Court Jurisdiction. Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain and have such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, for the following purposes:

a. To allow, disallow, determine, liquidate, classify or establish the priority or secured or unsecured status of or estimate any Claim or Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims or Interests;

b. To ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

c. To determine any and all applications or motions pending before the Bankruptcy Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease;

d. To consider and approve any modification of this Plan, remedy any defect or omission, or reconcile any inconsistency in the Plan, or any order of the Bankruptcy Court, including the Confirmation Order;

e. To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any entity's obligations in connection with the Plan;

f. To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

g. To decide or resolve any and all applications motions, adversary proceedings, contested or litigated matters and any other matters or grant or deny any applications involving the Debtor that may be pending on the Effective Date or that may be brought by the Debtor after the Effective Date, including claims arising under Chapter 5 of the Bankruptcy Code;

h. To issue orders in aid of execution and implementation of this Plan to the extent authorized by 11 U.S.C. §1142 or provided by the terms of this Plan;

i. To decide issues concerning the federal or state tax liability of the Debtor which may arise in connection with the confirmation or consummation of this Plan; and

j. To enter an order closing this Chapter 11 Case.

8.05 <u>Limitation on Jurisdiction</u>. In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§157 and 1334.

/s/ Jason A. Burgess
Jason A. Burgess
Attorney for the Debtor in Possession
118 West Adams Street
Suite 900
Jacksonville, Florida 32202
(904) 354-5065
Florida Bar No. 40757

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Timothy Eric Scott

CASE NO.: 3:12-bk-07214
Chapter 11

Debtor.
_____/

### STIPULATION REGARDING AMENDMENT TO PLAN OF REORGANIZATION
### (Class 3 Nationstar Mortgage, LLC)

Debtor-in-Possession, Timothy Eric Scott, and Creditor, Nationstar Mortgage, LLC, stipulate to amend the Chapter 11 Plan of Reorganization (Doc. 34) as to Class 3 proposed by the Debtor-in-Possession for Confirmation to include the following treatment:

1. The Plan will be deemed amended by the Debtor-in-Possession to pay Nationstar Mortgage, LLC, the secured claim amount, $538,000.00, as a re-amortized first mortgage with an interest rate of 5.25% in equal monthly installments over a period of 360 months. The escrow portion of the payment shall be added to the monthly principal and interest payment amount and calculated in any new payments to be maintained under the Plan. The escrow portion of the payment is subject to change as per the terms of the promissory Note and Mortgage. The monthly payment shall include:

    Principal and Interest: $2,970.86
    Escrow Payment: $797.02
    Total Monthly Mortgage Payment: $3,767.88

2. In addition, the Debtor shall cure the post petition escrow advances in the amount of $19,540.76 over sixty (60) months beginning March 1, 2014, consisting of fifty-nine (59) payments of $325.68 and one (1) payment of $325.64. This payment is in addition to the monthly mortgage payment of $3,767.88.

3. The first payment date is March 1, 2014.

4. Nationstar Mortgage, LLC shall receive a pro rata distribution as part of the unsecured Class 6 on account of the unsecured portion of the claim.

5. All other terms of the promissory Note and Mortgage giving rise to the claim shall remain in full force and effect, to the extent consistent with the terms of the Plan, any order confirming the Plan, and the United States Bankruptcy Code.

6. With the above changes incorporated, Nationstar Mortgage, LLC hereby accepts the Debtor's Plan of Reorganization in Class 3 and Class 6.

7. The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of the parties. All other terms of the Chapter 11 Plan of Reorganization not changed in this stipulation will remain in place.

8. Should the Debtor fail to complete the Chapter 11 Plan and fail to receive a discharge, whether due to dismissal or conversion, then the lien of Nationstar Mortgage, LLC shall remain in full force and effect.

Dated: ~~February~~ March 7, 2014.

| The Law Offices of Jason A. Burgess, LLC | Ronald R. Wolfe & Associates, P.L. |
|---|---|
| /s/ Joshua B. Dawes | /s/ Christopher A. Ewbank |
| Joshua B. Dawes | Christopher A. Ewbank, Esq. |
| Florida Bar No.: 94461 | Florida Bar No.: 73494 |
| Jason A. Burgess | P.O. Box 25018 |
| Florida Bar No. 40757 | Tampa, Florida 33622 |
| 118 W. Adams Street, Suite 900 | P (813) 251-4766 |
| Jacksonville, Florida 32202 | F (813) 251-1541 |
| P (904) 354-5065 | *Counsel for Nationstar Mortgage, LLC* |
| *Counsel for Debtor-in-Possession* | |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**In re:**

**Timothy Eric Scott**

CASE NO.: 3:12-bk-07214
Chapter 11

**Debtor.**
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 2

This Case came before the Court upon the Motion Pursuant to Section 1129(b) Regarding Class 2 U.S. Bank, N.A. (Doc. No. 57). Upon the Motion and record from hearing, the Court finds that the Plan of Reorgnization is fair and equitable with respect to members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 2 is granted.

2. Class 2 shall be paid in accordance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

**DONE and ORDERED** in Jacksonville, Florida, this 13th day of March, 2014

_____
Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a proof of service within 3 days of entry of the order.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**In re:**

CASE NO.: 3:12-bk-07214
**Timothy Eric Scott**                              Chapter 11

**Debtor.**
_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 4

This Case came before the Court upon the Motion Pursuant to Section 1129(b) Regarding Class 4 DTA Solutions, LLC (Doc. No. 58). Upon the Motion and record from hearing, the Court finds that the Plan of Reorgnization is fair and equitable with respect to members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 4 is granted.

2. Class 4 shall be paid in accordance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

**DONE and ORDERED in Jacksonville, Florida, this 13th day of March, 2014**

_____
Jerry A. Funk
United States Bankruptcy Judge


Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a proof of service within 3 days of entry of the order.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**In re:**

                                                **CASE NO.: 3:12-bk-07214**

**Timothy Eric Scott**                          **Chapter 11**

        **Debtor.**

_____/

## ORDER GRANTING MOTION FOR CRAMDOWN
## UNDER 11 U.S.C. § 1129(b) CLASS 5

This Case came before the Court upon the Motion Pursuant to Section 1129(b) Regarding Class 5 Julington Creek Plantation (Doc. No. 59). Upon the Motion and record from hearing, the Court finds that the Plan of Reorgnization is fair and equitable with respect to members of this class. Upon consideration, it is

**ORDERED:**

1. The Motion filed by the Debtor-In-Possession with respect to Class 5 is granted.

2. Class 5 shall be paid in accordance with the Chapter 11 Plan of Reorganization as filed with the Court and consistent with the Motion as filed.

**DONE and ORDERED** in Jacksonville, Florida, this 13th day of March, 2014

*/s/ Jerry A. Funk*

Jerry A. Funk
United States Bankruptcy Judge

Attorney Joshua Dawes is directed to serve a copy of this order on interested parties and to file a proof of service within 3 days of entry of the order.